**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **JERRI JONES,** § | |
| § | |
| Plaintiff, § | |
| § | **CIVIL ACTION NO.** |
| v. § | |
| § | |
| **ARTISTS RIGHTS ENFORCEMENT** § | |
| **CORP.,** § | |
| § | |
| Defendant. § | |

## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Artists Rights Enforcement Corporation ("Defendant" or "AREC") hereby removes this action from the County Court at Law Number 2 of Gregg County, Texas, to the United States District Court for the Eastern District of Texas, Tyler Division, and as grounds for removal states as follows:

### I.   STATE COURT ACTION

1. On January 5, 2018, Plaintiff Jerri Jones ("Plaintiff" or "Ms. Jones") filed her Original Petition for Declaratory Judgment (the "Complaint") in the County Court at Law Number 2 of Gregg County, Texas, styled *Jerri Jones v. Artists Rights Enforcement Corp.*, Cause No. 2018-21-CCL2 (the "State Court Action").

2. Plaintiff asserts claims relating to the distribution of present and ongoing royalty payments due to members of The Dixie Cups—a music group with popular hits in the 1960s that included "Chapel of Love" and "Iko Iko." *See* Compl. at 2 (¶ V). Plaintiff contends that her aunt and godmother—Joan M. Johnson—executed a contract with Defendant that entitled Defendant to fifty percent of any royalties collected by Defendant on Ms. Johnson's behalf from record and

publishing companies that are due Ms. Johnson. *Id.* Plaintiff asserts that Ms. Johnson passed away in October 2016, and that she inherited her music royalties. *Id.* Plaintiff contends that Defendant's contract with Ms. Johnson terminated at her death and that Defendant has purportedly continued to wrongfully retain fifty percent of all present and ongoing royalty payments due to Plaintiff. *Id.* at 3 (¶ V). Premised on these allegations, Plaintiff requests a declaratory judgment that Plaintiff is not bound by any contract executed by Ms. Johnson and that Defendant is not entitled to fifty percent of Plaintiff's present and ongoing inherited royalties. *Id.* (¶ VI). Plaintiff further seeks the value of fifty percent of the ongoing royalties collected by Defendant that were not paid to her after the death of Ms. Johnson and asserts a claim for conversion of those royalties, the imposition of a constructive trust, and attorney's fees. *Id.* at 3-4 (¶¶ VII–IX). Plaintiff also seeks attorney fees and exemplary damages. *Id.*

3. With this Notice of Removal, Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(c)(1), 1441, 1446(a).

5. This removal is timely because it is being filed within thirty days of the date the State Court Action was filed. 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file from the State Court Action, included a certified copy of the state court docket sheet. The additional information required under Local Rule CV-81 is attached hereto as **Exhibits B-F**.

7. The United States District Court for the Eastern District of Texas, Tyler Division has original jurisdiction over this action based on diversity jurisdiction because Defendant is

now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. §§ 1331 and 1332(a).

8. Simultaneously with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the County Court at Law Number 2 of Gregg County, Texas pursuant to 28 U.S.C. § 1446(d).

### III. DIVERSITY OF CITIZENSHIP

9. The Court has diversity jurisdiction in this matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

A.  **DIVERSITY OF CITIZENSHIP**

10. Plaintiff is a natural person so her citizenship for diversity purposes is determined by "where [she is] domiciled, that is, where [she has] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff is domiciled in Texas. *See* Compl. at 1 (¶ III). Thus, Plaintiff is a citizen of Texas.

11. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Defendant is a corporation formed under the laws of New York with its principal place of business in New York, New York. Therefore, Defendant is a citizen of New York for diversity purposes. *Id.*

12. Accordingly, complete diversity exists in this matter because Plaintiff and Defendant are citizens of different states. *See* 28 U.S.C. § 1332(a).

**B.     AMOUNT IN CONTROVERSY**

13. The amount-in-controversy element is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009). To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorney fees. *White*, 319 F.3d at 675-76; *Rawlings v. Travelers Property Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at **8-9 (N.D. Tex. May 20, 2008) (considering plaintiff's request for exemplary damages and finding that the amount in controversy "more likely than not" exceeded $75,000). Exemplary damages are capped under Texas law to the greater of: "(1)(A) two times the amount of economic damages; plus (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000." TEX. CIV. PRAC. & REM. § 41.008.

14. Based on a review of the Complaint and the evidence presented, the amount at issue exceeds $75,000, exclusive of interest and costs. In the present case, Plaintiff specifically seeks a declaration that "Defendant is not entitled to take fifty percent from [Plaintiff's present and ongoing] royalties." *See Compl.* at 4 (¶ VI). Plaintiff also seeks the value of fifty percent of the royalties collected by Defendant that were not paid to her after the death of Ms. Johnson. *Id.* at 3-4 (¶¶ VII–IX). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

15. Plaintiff judicially admits that the object of this litigation—the value of the fifty percent of the ongoing royalties for which she seeks a declaration that Defendant is no longer entitled to collect and the value of the royalties already collected by Defendant that she contends is owed to her— exceeds $75,000. *See Artists Rights Enforcement Corp. v. Jones*, 257 F. Supp. 3d 592, 594 (S.D.N.Y. 2017); *see also Morales v. Dep't of the Army*, 947 F.2d 766, 769 (5th Cir. 1991) ("Factual assertions in pleadings are judicial admissions conclusively binding on the party that made them."). In *Artists Rights Enforcement Corp. v. Jones*, AREC (the Defendant in the instant case) filed suit in New York state court against Ms. Jones (the Plaintiff in the instant case) relating to the same royalties dispute and contract that form the basis of Ms. Jones' Complaint in the instant case for which AREC sought a declaratory judgment that it was entitled to a contractual fee of fifty percent of money recovered on account of royalties originally payable to Ms. Johnson. 257 F. Supp. 3d at 594. Ms. Jones removed that case to federal court, and in her Notice of Removal, she admitted that "[t]he value of the object of litigation – AREC's claimed fee of fifty-percent of Ms. Jones's ongoing royalties – exceeds $75,000, exclusive of interest and

costs." *See* Exhibit 1.[1] Indeed, the ongoing royalties that have been paid out under the contract at issue to Ms. Johnson or Ms. Jones and AREC's "claimed fee of fifty-percent" over the past three years exceeded approximately $174,000. Plaintiff also seeks exemplary damages and attorney's fees. *See* Compl. at 3-4 (¶¶ VII–IX).

16. Therefore, the face of the Complaint along with Plaintiff's judicial admission demonstrates that the value of the ongoing royalties that are the subject of Plaintiff's declaratory judgment claim—along with her requests for alleged converted royalties, attorney's fees, and exemplary damages—exceeds $75,000. Because there is complete diversity between the parties and the amount-in-controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

## IV.   PRAYER

WHEREFORE, Defendant Artists Rights Enforcement Corporation removes this action from the County Court at Law Number 2 for Gregg County, Texas to the United States District Court for the Eastern District of Texas, Tyler Division.

---

[1] Attached hereto and incorporated herein by reference as **Exhibit 1** is a true and correct copy of the Notice of Removal filed by Plaintiff in the United States District Court for the Southern District of New York in Civil Action No. 1:17-cv-03189.  *See Artists Rights Enforcement Corp. v. Jones*, Civil Action No. 1:17-cv-03189 (Doc. 1).

Respectfully submitted,

  */s/ Marc D. Cabrera*
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Daniel Durell**
  State Bar No. 24078450
  daniel.durell@lockelord.com
**LOCKE LORD LLP**
600 Congress Ave., Suite 2200
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served as indicated below on this 26th day of January, 2018, to the following:

**VIA U.S. MAIL & CMRRR**
Matthew M. Hill
MATTHEW HILL LAW, PLLC
501 N. Third Street
Longview, Texas 75601
*Attorney for Plaintiff*

  /s/ Marc D. Cabrera
  Marc D. Cabrera