# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ARTISTS RIGHTS ENFORCEMENT CORP.,  :
             :
      Plaintiff,  : Civil Action No.:
             :
  - against -     : **NOTICE OF REMOVAL**
             :
JERRI THOMAS JONES    : (New York Supreme Court,
             : County of New York,
      Defendant.  : Index No. 650946/2017)
             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

   PLEASE TAKE NOTICE that Defendant Jerri Thomas Jones ("Ms. Jones"), by and through her counsel, Proskauer Rose LLP, respectfully notices removal of this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, defendant respectfully states:

<u>**BACKGROUND**</u>

   1.  On March 3, 2017, Plaintiff Artists Rights Enforcement Corp. ("AREC") sent by mail and affixed on the front door of Ms. Jones's residence in Texas, a Summons with Notice, naming Ms. Jones as the sole defendant, and summoning Ms. Jones to appear in the Supreme Court for the State of New York, County of New York. A copy of the Summons with Notice is attached as <u>Exhibit A</u>. On April 3, 2017, Ms. Jones filed a Demand for Complaint, a copy of which is attached as <u>Exhibit B</u>.

   2.  On April 11, 2017, AREC filed a Summons and Complaint in the Supreme Court for the State of New York, County of New York, titled *Artists Rights Enforcement Corp. v. Jerri Thomas Jones and Broadcast Music, Inc.*, Index No. 650946/2017 ("State Court Action"). With Ms. Jones, AREC added Broadcast Music, Inc. ("BMI") as a defendant in the State Court Action.

The Summons and Complaint ("Complt.") are attached as Exhibit C.

3.      In the Complaint, AREC contends that Ms. Jones is subject to a contract AREC entered into with Ms. Jones's aunt, Ms. Joan Marie Johnson, in 1984 (the "Contract"). The Contract provided that AREC was to act on behalf of Ms. Johnson in providing certain royalty collection services. AREC claims that Ms. Johnson agreed to pay AREC "a contingent fee of fifty percent of the ongoing royalties for which Artists Rights' efforts were responsible." Complt. ¶ 5. The Complaint alleges that Ms. Johnson died testate in Louisiana in October 2016, and bequeathed to Ms. Jones royalties stemming from Ms. Johnson's work as a member of the music group The Dixie Cups. Complt. ¶¶ 2, 12-13. AREC's Complaint noted that Ms. Jones "has purported to terminate the Contract." Complt. ¶ 14. AREC seeks a declaratory judgment that Ms. Jones must continue to pay AREC its claimed fee – fifty percent of all "ongoing royalties for which Artists Rights' efforts were responsible."

4.      On April 25, 2017, AREC discontinued its action against BMI, leaving Ms. Jones as the sole defendant. Attached as Exhibit D is the Stipulation of Discontinuance Without Prejudice.

**GROUNDS FOR REMOVAL**

5.      Ms. Jones removes this action pursuant to 28 U.S.C. § 1441(a). The discontinuance of AREC's action against BMI created complete diversity of citizenship between the parties. Plaintiff AREC is a New York corporation with its principal office in New York County. Complt. ¶ 1. Defendant Ms. Jones is a citizen and resident of Texas. Complt. ¶ 2. The value of the object of litigation – AREC's claimed fee of fifty-percent of Ms. Jones's ongoing royalties – exceeds $75,000, exclusive of interest and costs. This Court thus has original jurisdiction under 28 U.S.C. § 1332(a)(1).

6.     This Court is the district court embracing the Supreme Court for the State of New York, County of New York and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

7.     The date of filing of this Notice of Removal is within 30 days of Ms. Jones's receipt of the Stipulation of Discontinuance creating complete diversity, and therefore, this Notice of Removal is being filed in a timely manner pursuant to 28 U.S.C. § 1446(b)(3).

8.     Promptly after filing this Notice of Removal, a true copy of this Notice will be given to plaintiff and filed with the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1446(d).

9.     By filing this Notice of Removal, Ms. Jones does not waive any defenses which may be available to her, including, without limitation, lack of personal jurisdiction, improper venue, insufficiency of process, failure to state a claim, and any other procedural or substantive defenses available under state or federal law.  Nor does Ms. Jones waive any rights to appeal.

WHEREFORE, Ms. Jones respectfully prays that this action proceed as a matter properly removed to this Court.

Dated: May 1, 2017                                    Respectfully submitted,

                                                    */s/ Sandra A. Crawshaw Sparks*
                                                    Sandra A. Crawshaw Sparks
                                                    David A. Munkittrick
                                                    Russell L. Kostelak
                                                    PROSKAUER ROSE LLP
                                                    Eleven Times Square
                                                    New York, New York 10036
                                                    212-969-3000
                                                    *Attorneys for Defendant Jerri Thomas Jones*

To: Attorney for Plaintiff

Ira G. Greenberg
LOCKE LORD LLP
200 Vesey Street, Suite 2001
New York, NY 10281
(212) 415-8600

*Attorney for Plaintiff*
*Artists Rights Enforcement Corp.*

# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 02/23/2017 04:24 PM          INDEX NO. 650946/2017
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 02/23/2017

Date Delivered  3/3/17

Time Delivered  11:40AM

Delivered By  _Karen Frith_

ID #  5410955  PROCESS SERVER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF New York
————————————————————————X

ARTISTS RIGHTS ENFORCEMENT CORP.

                Plaintiff(s),

  - vs -

JERRI THOMAS JONES

               Defendant(s).
————————————————————————X

**SUMMONS WITH NOTICE**

Index No.:  **650946/2017**

Date Index No. Purchased
    **February 23, 2017**

To the Person(s) Named as Defendant(s) Above:

    PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on the Plaintiff(s) at the address set forth below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

    YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated:  February 23, , 2017

Signature

Ira G. Greenberg
Print name

Address and Phone Number:

Locke Lord LLP
200 Vesey Street, Suite 200
New York, NY  10281

( 212 ) 415 - 8600

Defendant's Address:  710 Ash Street, Longview, TX 75605

    Notice:  The nature of this action is:

    Enforce contract with defendant's decedent

    The relief sought is:

    Declaratory judgment

FILED: NEW YORK COUNTY CLERK 02/23/2017 04:24 PM   INDEX NO. 650946/2017
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 02/23/2017

Should Defendant(s) fail to appear herein, judgment will be entered by default for the sum of ___N/A___, with interest from the date of _N/A_ and the costs of this action.

Venue:  Plaintiff(s) designate(s) New York_____ County as the place of trial. The basis of this designation is *(check one)*:

☒ Plaintiff(**s**) reside in  New York_____ County.

☐ Defendant(s) reside in _____ County.

☐ Other *(see CPLR Article 5)*: _____

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
Artists Rights Enforcement Corp.

                              Plaintiff/Petitioner,
            -against-                                    Index No. ___650946/2017___

Jerri Thomas Jones


- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                              Defendant/Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### NOTICE OF COMMENCEMENT OF ACTION SUBJECT
### TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.


NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.


Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.


The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.


**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]


**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in efiling.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646- 386-3033; e-mail: efile@nycourts.gov).

Dated: 02/23/2017

Signature

IRA G GREENBERG
Name

Locke Lord LLP
Firm Name

200 Vesey Street, suite 2001, 20th floor
Address

NEW YORK, NY 10281
City, State, and Zip

212-308-4411
Phone

ira.greenberg@lockelord.com
E-Mail

To: Jerri Thomas Jones

710 Ash Street

Longview, TX 75605

9/3/15

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ARTISTS RIGHTS ENFORCEMENT CORP.,               :
                                                :
                          Plaintiff,            :
                                                :
          - against -                           :    Index No.  650946/2017
                                                :
JERRI THOMAS JONES,                             :
                                                :
                          Defendant.            :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DEMAND FOR COMPLAINT

Defendant Jerri Thomas Jones, by and through her attorneys Proskauer Rose LLP, hereby

demands, pursuant to CPLR 3012(b), that a copy of the Complaint in the above entitled action be

served upon Defendant's attorneys in accordance with all applicable Court rules.

This Demand for Complaint does not constitute an appearance and Defendant does not

waive, and specifically preserves, Defendant's right to assert any and all defenses in this matter,

including but not limited to lack of personal jurisdiction, lack of service, and all other

jurisdictional defenses.

Dated: New York, New York                **PROSKAUER ROSE LLP**
       April 3, 2017

                                         /s/ *Sandra A. Crawshaw Sparks*
                                         Sandra A. Crawshaw Sparks
                                         David A. Munkittrick
                                         Eleven Times Square
                                         New York, New York 10036
                                         212.969.3000
                                         scrawshaw@proskauer.com
                                         dmunkittrick@proskauer.com
                                         *Attorneys for Defendant*

Case 6:18-cv-07034-03 Document Document Filed 04/26/18 Page 13 of 25 PageID #: 20

To:    Ira G. Greenberg
Locke Lord LLP
200 Vesey Street, Suite 200
New York, NY 10281
(212) 415-8600

# EXHIBIT C

B 104—Summons without Notice, Blank Court.
Personal or Substituted Service, 12 pt. type, 4-94

JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 650946/17
Date purchased  Feb. 23, 2017

ARTISTS RIGHTS ENFORCEMENT CORP.,

Plaintiff(s) designate(s)
 New York
County as the place of trial.

The basis of the venue is  plaintiff's principal offices.

*Plaintiff(s)*

against

*Defendant(s)*

JERRI THOMAS JONES and
BROADCAST MUSIC, INC.,

SUPPLEMENTAL

Summons

Plaintiff(s) reside(s) at
1530 Broadway, New York, NY

County of  New York

To the above named Defendant(s)  BROADCAST MUSIC, INC.

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within   20   days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated,   April 11, 2017

Ira G. Greenberg
LOCKE LORD LLP
Attorney(s) for Plaintiff

Office and Post Office Address
200 Vesey Street, Suite 2001
New York, NY  10281

Defendant's address:
    7 World Trade Center
    250 Greenwich Street
    New York, NY  10007

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF          SS:   The undersigned, being duly sworn, deposes and says; deponent is not a
party herein, is over 18 years of age and resides at

That on        at      M., at      on
deponent served the within summons,                  defendant,

**INDIVIDUAL**
**1.** ☐   by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

**CORPORATION**
**2.** ☐   a      corporation, by delivering thereat a true copy *of each* to
personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be          thereof.

**SUITABLE AGE PERSON**
**3.** ☐   by delivering thereat a true copy *of each* to        a person of suitable age
and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.**
**4.** ☐   by affixing a true copy *of each* to the door of said premises, which is defendant's—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4**
**5A.** ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at        and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4**
**5B.** ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to defendant at defendant's actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

**DESCRIPTION USE WITH 1, 2, OR 3**
☐

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

*Sworn to before me on*

Print name beneath signature. .........................................................

*LICENSE NO.* ..........................................

*Index No.* 650946/17
SUPREME COURT
COUNTY OF NEW YORK

ARTISTS RIGHTS ENFORCEMENT CORP.,

*Plaintiff(s)*

*against*

JERRI THOMAS JONES and
BROADCAST MUSIC, INC.,

*Defendant(s)*

SUPPLEMENTAL
*Summons*
ACTION NOT BASED UPON A
CONSUMER CREDIT TRANSACTION

LOCKE LORD LLP
*Attorney(s) for Plaintiff(s)*

*Office, Post Office Address and Tel. No.*
200 Vesey Street, Suite 2001
New York, NY 10281
(212) 415-8600

Ira G. Greenberg
LOCKE LORD LLP
Attorneys for Plaintiff
200 Vesey Street, suite 2001
New York, NY 10281
(212) 415-8600
Ira.greenberg@lockelord.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------x

ARTISTS RIGHTS ENFORCEMENT CORP.,

                Plaintiff,                Index No. 650946/17

    versus

JERRI THOMAS JONES and BROADCAST        <u>COMPLAINT</u>
MUSIC, INC.,

                Defendants.

-------------------------------------------------------------x

<u>FIRST CAUSE OF ACTION</u>

1.      Plaintiff Artists Rights Enforcement Corp. is a New York corporation with its principal office in this county. It is engaged in the business of working on behalf of music composers and recording artists to obtain royalties to which they are entitled.

2.      On information and belief, defendant Jerri Thomas Jones is a resident of Texas and is the heir of and successor in interest to Joan Marie Johnson, one of the three members of the recording group the Dixie Cups.

3.      On information and belief, defendant Broadcast Music, Inc. ("BMI") is a New York corporation with its principal office in this county. It is a performing rights organization. It collects license fees on behalf of songwriters, composers, and music

1

INDEX NO. 650946/2017

NYSCEF DOC. No. 25   Case 6:18-cv-07031-03031 Document Document 1-1 Filed 01/26/18 d 05/04/18 of Page 18 of 25 Page ID #: 25   RECEIVED NYSCEF: 04/11/2017

publishers and distributes them as royalties to its members whose works have been performed.  On information and belief, Ms. Johnson was a BMI member.

4.      Ms. Johnson entered into a contract with Artists Rights in New York in 1984.  At the time of the contract, she was not collecting royalties either for the use of master recordings on which she, as part of the Dixie Cups, performed or for songs that she had written.

5.      Pursuant to that contract, a copy of which is exhibit A, by which Artists Rights was to obtain those royalties for Ms. Johnson in consideration of a contingent fee of fifty percent of the ongoing royalties for which Artists Rights' efforts were responsible.

6.      The contract further empowers Artists Rights to collect the royalties from those contractually obligated to Ms. Johnson

7.      Artists Rights fully performed under the agreement.

8.      As a result of its efforts, Sun Entertainment began to pay royalties on the Dixie Cups' master recordings, including their major hits Chapel of Love and Iko Iko.

9.      In addition, as a result of its efforts, BMG Rights Management, EMI Music Publishing as successor in interest to Windswept Pacific Entertainment, and BMI began to pay royalties on Ms. Johnson's compositions, including the major hit Iko Iko.

10.     Artists Rights monitored the payors' compliance with the recording and songwriter's agreements, collected the royalties, deducted its contractual share, and paid the remainder to Ms. Johnson, all in accordance with their contract.

2

INDEX NO. 650946/2017

RECEIVED NYSCEF: 04/11/2017

11.     Ms. Johnson never complained about Artists Rights' performance of its contractual obligations for her or objected to Artists Rights' deducting and retaining its fee through the years.

12.     On information and belief, Ms. Johnson died testate in Louisiana on or about October 3, 2016.

13.     On information and belief, the Louisiana court of competent jurisdiction probated Ms. Johnson's will, as a result of which her rights under the songwriter's and recording contracts described above devolved upon Ms. Jones.

14.     Through counsel, Ms. Jones has purported to terminate the contract between Ms. Johnson and Artists Rights and has maintained that Artists Rights, despite having faithfully performed its duties until now, has no further right to collect the royalties described above, to retain its fee, or to pay and account to Ms. Jones.

15.     Some of the entities named above that until now have been making payment to Artists Rights have ceased doing so until a court adjudicates the obligations of Ms. Jones to Artists Rights.

16.     As a consequence, there is a justiciable controversy between Artists Rights and Ms. Jones such that this Court should declare their respective rights.

<u>SECOND CAUSE OF ACTION</u>

17.     Artists Rights realleges paragraphs 1-15 of this complaint.

18.     As a result of Ms. Jones' actions, BMI has told Artists Rights that it will begin to pay Ms. Johnson's share to Ms. Jones directly, rather than to pay it to Artists Rights in accordance with the contract between Artists Rights and Ms. Jones.

3

19.     If this Court should hold in Artists Rights' favor on the first cause of action, on information and belief it would have substantial difficulties in recovering its fees from Ms. Jones.

20.     As a consequence, there is a justiciable controversy between Artists Rights and BMI such that this Court should declare their respective rights.

WHEREFORE, plaintiff Artists Rights Enforcement Corp. prays for judgment of defendants Jerri Thomas Jones and Broadcast Music, Inc.:

(a)     declaring that Artists Rights is entitled to its contractual fee of fifty percent of money recovered from Sun Entertainment or its successors or assigns on account of the stream of recording royalties originally payable to Ms. Johnson;

(b)     declaring that Artists Rights is entitled to its contractual fee of fifty percent of money recovered from BMG Rights Management, EMI Music Publishing as successor in interest to Windswept Pacific Entertainment, or Broadcast Music, Inc. and any of their successors or assigns on account of the stream of songwriter's royalties originally payable to Ms. Johnson;

(c)     declaring that Broadcast Music, Inc. is required to pay the royalties that are earned by Ms. Jones as successor to Ms. Johnson directly to Artists Rights;

(d)     awarding Artists Rights such further or alternative relief to which it may be entitled, together with

4

(e)   the costs and disbursements of this action.

Dated:  New York, NY
        April 11, 2017

Ira G. Greenberg
LOCKE LORD LLP
Attorneys for Plaintiff
200 Vesey Street, suite 2001
New York, NY  10281
(212) 415-8600
Ira.greenberg@lockelord.com

TO:

Sandra A. Crawhaw Sparks
David A. Munkittrick
PROSKAUER ROSE LLP
Attorneys for Defendant
Eleven Times Square
New York, NY  10036
(212) 969-3000
scrawshaw@proskauer.com
dmunkittrick@proskauer.com

5

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK )

IRA G. GREENBERG, being duly sworn, deposes and says:

I am over the age of eighteen years and am not a party to this action.  On

the 11th day of April, 2017, I served a true copy of the attached supplemental summons

and complaint upon:

Sandraw A. Crawhaw Sparks, Esq.
David A. Munkittrick
PROSKAUER ROSE LLP
Attorneys for Defendant
11 Times Square
New York, NY  10036

the address designated for that purpose, by depositing a true and exact copy of same,

enclosed in a post-paid properly addressed wrapper, in an official depository of the

United States Postal Service.

IRA G. GREENBERG

Sworn to before me this
11th day of April, 2017

Notary Public

ELLEN RANDY SOMMER
Notary Public, State of New York
No. 01SO4910716
Qualified in Kings County
Commission Expires April 26, 2018

AM 66074164.1

# EXHIBIT D

INDEX NO. 650946/2017

NYSCEF DOC. No. 31  Case 6:18-cv-07034-0.Document D1 Filed 04/26/18 Page 24 of 25 Page ID #: 31  RECEIVED NYSCEF: 04/25/2017

Ira G. Greenberg
LOCKE LORD LLP
Attorneys for Plaintiff
200 Vesey Street, suite 2001
New York, NY 10281
(212) 415-8600
Ira.greenberg@lockelord.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

ARTISTS RIGHTS ENFORCEMENT CORP.,

                     Plaintiff,                   Index No. 650946/17

     versus

JERRI THOMAS JONES and BROADCAST       STIPULATION OF DISCONTINUANCE
MUSIC, INC.,                            WITHOUT PREJUDICE
            Defendants.

------------------------------------------------------------------x

        WE STIPULATE:

        1.     Defendant Broadcast Music, Inc. ("BMI"):  (a) shall hold all royalties that are in, or shall come into, its possession that are the subject of the litigation against plaintiff Artists Rights Enforcement Corp. ("AREC") and defendant Jerri Thomas Jones until the earlier of (i) the resolution of the action as between AREC and Ms. Jones by settlement or final, non-appealable judgment and (ii) a contrary order of the Court, and (b) shall pay all such accrued and future royalties in accordance with any such final non-appealable judgment or settlement.

AM 66080941.1

INDEX NO. 650946/2017

NYSCEF DOC. NO. 12    Case 6:18-cv-00031-03-Document 10-1 Filed 04/26/18 Page 25 of 25 PageID #: 32    RECEIVED NYSCEF: 04/25/2017

2.    The action as between AREC and BMI only is discontinued without prejudice.  AREC reserves its right to reinstate its claims against BMI if BMI fails to abide by paragraph 1 of this stipulation.  All statutes of limitations and other like doctrines of repose, such as laches, are tolled from this date until such time, if any, that AREC reinstates its claims against BMI.

Dated:  New York, NY
      April 13, 2017

Ira G. Greenberg
LOCKE LORD LLP
Attorneys for Plaintiff
200 Vesey Street, suite 2001
New York, NY  10281
(212) 415-8600
Ira.greenberg@lockelord.com

RICHARD A. GARZA
Attorney for Defendant Broadcast Music, Inc.
7 World Trade Center
New York, NY  10007
(212) 220-3000
rgarza@bmi.com

AM 66080941.1